Josephine Linker Hart, Justice, dissenting. I respectfully dissent from the majority’s decision to affirm the circuit court’s denial of Elvis Aaron Thacker’s petition for writ of error coram nobis and its decision to do so without a hearing. The suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment. Strickler v. Greene, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Such evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Id. When a petition for writ of error coram nobis is filed directly in the circuit court, a hearing is not required if the petition clearly has no merit. Nelson v. State, 2014 Ark. 91, at 4, 431 S.W.3d 852, 855. Here, the circuit court denied the petition without a hearing.[1] In the circumstances presented here, a hearing should have been held. IsThe State admits that it failed to disclose two videos, one of which was a Taser video made by Detective Mike McCoy. The State further admits that the McCoy video showed the events around the time police entered the residence to arrest Thacker and that the officers admittedly are not heard announcing their identity and purpose immediately before entering. Less than thirty seconds after the police entered the residence, police gunshots that were fired at Thacker can be heard on the video. Also, the State admits that the officers who entered the residence were in plainclothes. Our criminal statutes provide that a person is justified in using physical force upon another person to defend himself or herself or a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force by that other person, and the person may use a degree of force that he or she reasonably believes to be necessary. Ark. Code Ann. § 5-2-606(a)(l) (Repl. 2013); see Ark. Code Ann. § 5-2-607(a) (Supp. 2015) (using deadly physical force). Thacker argues that the McCoy video would have supported a claim of self-defense—that he assaulted the police officer because he reasonably believed the person was not a police officer but instead a home invader. The McCoy video is particularly relevant because the officers were in plainclothes. |flIn affirming the circuit court, the majority finds that the McCoy video fails to provide material evidence sufficient to support Thacker’s self-defense claim because it is a “limited snapshot” prior to the police officers’ entry. The majority states that the McCoy video “does not include what transpired or was announced” prior to the beginning of the video. The question whether the McCoy video is material, however, is not answered by asserting that it is a “limited snapshot.” The McCoy video directly rebuts the State’s 'assertion that the occupants of the residence were verbally informed that it was the police who were trying to enter. Clearly, the McCoy video is material in that it would support Thacker’s self-defense claim. Thus, a hearing should have been held on Thacker’s petition because it cannot be said that Thacker’s petition is clearly without merit. Furthermore, the State admits that the McCoy video was not disclosed to Thacker before he pleaded guilty. Despite the majority’s conclusion that it was a “limited snapshot,” the McCoy video would have supported Thacker’s claim of self-defense because it shows that the police did not identify themselves when they entered the residence in plainclothes. Given that the McCoy video supported the defense and that Thacker was not afforded an opportunity to present evidence at a healing, I cannot say that there is no reasonable probability that, had the McCoy video been disclosed to Thacker, he would not have pleaded guilty and would instead have gone to trial. I respectfully dissent. Danielson, J., joins in this dissent. . In response to Thacker’s argument that the circuit court erred in denying his petition for a writ of error coram nobis without a hearing, the majority states that Thacker failed to develop the argument or adduce apposite authority. The origin of this line of reasoning is Dixon v. State, 260 Ark. 857, 545 S.W.2d 606 (1977), where this court stated, "We adopt the position taken by the Supreme Court of Oklahoma in its own syllabus in Irwin v. Irwin, 416 P.2d 853 (1966): ‘Assignments of error presented by counsel in their brief, unsupported by convincing argument or authority, will not be considered on appeal, unless it is apparent without further research that they are well taken.’ ” Id. at 862, 545 S.W.2d at 609. Here, Thacker cited case law setting out the circumstances in which a hearing is required and asserted that the circuit court erred in not conducting a hearing. It is apparent that Thacker's argument is well' taken. Moreover, in its brief, the State acknowledged that Thacker made this argument and addressed whether Thacker was entitled to a hearing.